# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Markez Ellis, (R26963), ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 15 C 2240 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| ) | |
| Kim Butler, Warden, ) | |
| Menard Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## **MEMORADUM OPINION AND ORDER**

Petitioner Markez Ellis, a prisoner confined at the Menard Correction Center, brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his 2009 murder conviction from the Circuit Court of Cook County. [1]. The Court denies the petition on the merits.

**A.** **Background**

The following facts are drawn from the Appellate Court of Illinois's decision on direct appeal, *Illinois v. Ellis*, 2011 Ill App (1st) 106677-U, 2011 WL 10068910 (Ill. App. Ct. Dec. 15, 2011). This is the relevant decision for the Court's review as it is the decision of the last state court to rule on the merits of Petitioner's claims. *Boyd v. Boughton*, 798 F.3d 490, 492 (7th Cir. 2015). The state court's factual findings are presumed to be correct, and Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Brumfield v. Cain*, 135 S. Ct. 2269, 2282 (2015) (citing 28 U.S.C. § 2254(e)(1)). The Court has reviewed the state court record, [17], and confirms that the state court's factual findings are supported by the record.

1

Following a bench trial, Petitioner was convicted of shooting Lenard Bunch in the back on November 14, 2006. *Ellis*, 2011 Ill App (1st) 106677-U, 2011 WL 10068910, at *1-*2. The shooting occurred during a dispute between Petitioner and Shelton Bunch, Lenard Bunch's brother, over drug territory. *Id*. at *2-*3. The shooting happened close to the intersection of West 21st Place and South Pulaski Road in the South Lawndale neighborhood on Chicago's Westside.

Both Shelton Bunch and Petitioner sold drugs in this neighborhood. Shelton Bunch was angry that Petitioner was selling close to his territory. *Id*. at *2. Shelton Bunch, Lenard Bunch and three other individuals confronted Petitioner over the drug territory issue in front of Petitioner's home. *Id*. Shelton Bunch and several in his group were members of the Gangster Disciples street gang. *Id*. Petitioner was a member of a rival street gang. *Id*.

Initially, the dispute was limited to arguing between Shelton Bunch and Petitioner. *Id*. Shelton Bunch and his group left and went to a nearby barber shop. *Id*. Petitioner called Lorenzo Williams, Shelton Bunch's cousin, and asked him to calm down the situation. *Id*. Williams spoke to Shelton Bunch for approximately 30 minutes. *Id*. However, Williams was unsuccessful in defusing the situation. *Id*.

Shelton Bunch and his group then returned to again confront Petitioner in front of his house. Petitioner's brother Jeremy Ellis was standing next to his car in an alley by Petitioner's home. *Id*. There were several witnesses present, but they had conflicting accounts of the events that occurred immediately prior to the shooting. *Id*.

One version was that three members of Shelton Bunch's group --- Lenard Bunch, Gerald Washington, and Dwayne Franklin --- confronted Jeremy Ellis and apparently attempted to wrestle

2

him into the trunk of his car. *Id*. The group could not get Jeremy Ellis into the trunk, but Washington slammed the trunk shut. *Id.* At this same time, Shelton Bunch said to Petitioner, "I'm going to show you little boy," and then reached toward his pocket. *Id*. Petitioner then pulled a gun from his own pocket and fired a single shot at Shelton Bunch. *Id*. The shot missed Shelton Bunch, but hit Lenard Bunch in the back killing him. *Id*.

In the second version, a witness testified that he heard Petitioner say something about being "tired of this shit" before he pulled out the gun. *Id*. A third witness account claimed that Shelton and Lenard Bunch were running away from Petitioner when he fired the shot. *Id*. The three accounts all agree that Petitioner shot Lenard Bunch, and that everyone, including Petitioner, ran from the scene after the shooting. *Id*.

Shelton Bunch testified at trial and denied that he had a gun, made any motion to his pocket, or did anything to indicate he had a gun. *Id*. at *4. He denied being in a gang or selling drugs. *Id*.

Following the shooting, witnesses saw Petitioner running with something in his hand that might have been a gun. *Id*. at *3. The witnesses also heard a statement made that "I had to shoot him, G," but could not say if Petitioner made that statement. *Id*. Several of the witnesses told the police and testified before the grand jury that Petitioner was running with the gun and made the "I had to shoot him" statement. *Id*. at *3-*4.

Petitioner argued self defense at trial. *Id*. at *5. This included evidence of Shelton Bunch's gang affiliations, threats made to Petitioner, and evidence that Shelton Bunch and his group were armed. *Id*. There was also testimony that the medical examiner removed a clear small plastic bag containing a hard, white material from Lenard Bunch's esophagus. *Id*. at *6.

3

B.  **Petitioner's Claims**

A writ of habeas corpus cannot issue unless Petitioner demonstrates that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). As the state courts adjudicated Petitioner's claims on the merits, the Court's review of the present habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Court may not grant habeas relief unless the state court's decision on the merits was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or the state court decision is based on an unreasonable determination of facts. 28 U.S.C. § 2254(d).

"The AEDPA's standard is intentionally 'difficult for Petitioner to meet.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *White v. Woodall*, 134 S. Ct. 1702 (2014); *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786 (2013)). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). This "'highly deferential standard [] demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2010) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

1.  **Claims One, Two and Three: Sufficiency of the Evidence / Self Defense**

Petitioner's first three claims assert common issues regarding self defense and sufficiency of the evidence supporting his conviction. In Claim One, he argues that he was acting in self

4

defense when he shot Lenard Bunch. Petitioner points to the testimony that the group attempted to put his brother in the car trunk, and that Shelton Bunch patted the front pocket of his pants and was appearing to reach for a gun. Claim Two argues that the trial judge (as the finder of fact at the bench trial) failed to properly recall crucial testimony when rendering the guilty verdict, and Claim Three alleges that the trial judge misapplied Illinois's self defense law.

There is no dispute that Petitioner shot Lenard Bunch. Petitioner's primary argument is that the state court erred in rejecting his self defense claim. The principal statutory elements of murder are: (1) a killing (or death); (2) an act by the defendant; and (3) mens rea. 720 ILCS 5/9–1(a) (West 2002); *People v. Bloomingburg*, 804 N.E.2d 638, 652 (Ill. App. 2004). Self defense is not an element of murder, but instead is an affirmative defense. 720 ILCS 5/7-1; *Illinois v. Lee*, 821 N.E.2d 307, 311 (Ill. 2004) (citations omitted). Once Petitioner asserts self defense, the prosecution has the burden of proving beyond a reasonable doubt both the elements of murder, and that Petitioner did not kill the victim in self defense. *Lee*, 821 N.E.2d at 311.

Although Illinois has chosen to put the burden on the prosecution to disprove self defense beyond a reasonable doubt, this is not required by the federal constitution. As the Supreme Court recently explained in *Smith v. United States*,

> While the Government must prove beyond a reasonable doubt "every fact necessary to constitute the crime with which [the defendant] is charged," *In re Winship*, 397 U.S. 358, 364 (1970), "[p]roof of the nonexistence of all affirmative defenses has never been constitutionally required," *Patterson v. New York*, 432 U.S. 197, 210 (1977). The State is foreclosed from shifting the burden of proof to the defendant only "when an affirmative defense does negate an element of the crime." *Martin v. Ohio*, 480 U.S. 228, 237 (1987) (Powell, J., dissenting). Where instead it "excuse[s] conduct that would otherwise be punishable," but "does not controvert any of the elements of the offense itself," the Government has no constitutional duty to overcome the defense beyond a reasonable doubt. *Dixon v. United States*, 548 U.S. 1, 6 (2006).

5

133 S. Ct. 714, 719 (2013).

Because disproving self defense is not required by the federal constitution as it not an element of Illinois' murder statute, Petitioner's argument that the prosecution failed to disprove his self defense claim beyond a reasonable doubt raises a non cognizable issue of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015) (federal habeas corpus relief is based upon a violation of federal constitutional law, not state laws).

The only cognizable federal issue that Petitioner can raise is a challenge to the sufficiency of the evidence supporting the murder conviction. The Court's applies a "twice-deferential standard" in reviewing the appellate court's ruling on the sufficiency of the evidence claim. *Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012) (per curiam). First, the Court must be deferential to the jury (fact finder) verdict. "'[I]t is the responsibility of the jury --- not the court --- to decide what conclusions should be drawn from evidence admitted at trial.'" *Parker*, 132 S. Ct. at 2152 (quoting *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) (per curiam)). With this in mind, "[t]he evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Parker*, 132 S. Ct. at 2152 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). Additionally, the Court must accord an additional level of deference required by § 2254(d) under the AEDPA. *Parker*, 132 S. Ct. at 2152 (citing *Cavazos*, 132 S. Ct. at 4).

The appellate court decision is not contrary to Supreme Court precedent as it identified and the controlling standard. *Premo v. Moore*, 562 U.S. 115, 128 (2011). The state court properly explained that, "When a defendant challenges the sufficiency of the evidence, the reviewing court

does not retry the defendant but determines whether, in considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime to be proven beyond a reasonable doubt." *Ellis*, 2011 Ill App (1st) 106677-U, 2011 WL 10068910 at *8 (citing *Illinois v. Ross*, 891 N.E.2d 865, 876 (Ill. 2008)).

The fact that the state appellate court cited to *Illinois v. Ross*, 891 N.E.2d 865 (Ill. 2008), is of no moment. The state court is not required to cite to, or even be aware of, the controlling Supreme Court standard, as long as the state court does not contradict the Supreme Court standard. *Early v. Packer*, 537 U.S. 3, 8 (2002). Additionally, this Court begins with a presumption that state courts both know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (citations omitted). This presumption is especially strong when the state court is considering well established legal principles that have been routinely applied in criminal cases for many years. *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013). The state court properly identified the proper legal standard.

Petitioner also cannot demonstrate that the state court's application of the sufficiency of the evidence standard was unreasonable. The state court recognized that there was sufficient evidence to support the conviction including testimony that Petitioner said he was "tired of this shit," immediately before firing his gun, and that he fled from the scene after the shooting. *Ellis*, 2011 Ill App (1st) 106677-U, 2011 WL 10068910 at *9.

There is sufficient evidence in the record to support the conclusion that Petitioner shot the victim over a dispute about drug territory. Shelton Bunch testified that Petitioner shot his brother in the back as they attempted to flee. Several other eyewitnesses said that Petitioner and Shelton Bunch had a heated confrontation over drug territory, witnessed Petitioner raise a gun, and then

flee from the scene. The finder of fact chose to credit this version of events, and reject Petitioner's argument that he was acting in self defense. *See Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) ("[I]t is black letter law that testimony of a single eyewitness suffices for conviction even if 20 bishops testify that the eyewitness is a liar."). The Court has no license to reject the finder of fact's determination to credit the testimony of the witnesses supporting Petitioner's conviction. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Julian v. Bartley*, 495 F.3d 487, 494 (7th Cir. 2007). Petitioner's sufficiency of the evidence argument in Claim One is rejected.

In Claim Two, Petitioner argues that the trial court, acting as the finder of fact, failed to properly recall the evidence at trial. He believes that the evidence at trial shows that Shelton Bunch's group attempted to place his brother, Jeremy Ellis, in the trunk of Ellis's own car at the same time that Petitioner shot the gun.

Petitioner's argument that the trial court misremember the evidence is non cognizable on federal habeas review. The challenged recollection involves the issue of whether Jeremy Ellis was in danger, and in turn, whether Petitioner acted in defense of his brother. As previously explained, the state court's rejection of a self defense claim is non cognizable under a constitutional sufficiency of the evidence challenge because there is no federal constitutional requirement for the state to disprove self defense. *Smith*, 133 S. Ct. at 719. Whether the trial judge misremembered the evidence is not relevant because the challenged evidence goes to the non cognizable self defense issue.

Furthermore, even if a federal claim was available to Petitioner, the Court would reject Petitioner's present argument. As the state appellate court noted, Petitioner was

8

mischaracterizing the trial judge's comments. The trial judge explained that as the finder of fact, he did not believe the testimony that the shooting happened contemporaneously with the attempt to put Petitioner's brother in the trunk. *Ellis*, 2011 Ill App (1st) 106677-U, 2011 WL 10068910 at *11. Petitioner is pointing to comments made by the trial court when it rejected his motion for a new trial, but he ignores the comments that the judge made when finding Petitioner guilty. *Ellis*, 2011 Ill App (1st) 106677-U, 2011 WL 1006891 at *10. The trial court found that there was "no credible evidence" to support Petitioner's self defense argument. [17-7 at 4]. Instead, the court found that the shooting arose over who would "sell drugs on a particular street corner in Chicago, [and Petitioner] end[ed] the dispute with violence." [*Id*.]. The trial court chose to credit the evidence that supported the version of events that the shooting was over drug territory, and this Court has no reason to reject it under the deferential AEDPA standard.

As a final point on Claim Two, the Court is aware of *Owens v. Duncan*, 781 F.3d 360 (7th Cir. 2015), *cert. granted*, 136 S. Ct. 27 (Oct. 1, 2015). In *Owens*, the Seventh Circuit granted habeas corpus relief when the trial judge (acting as the finder of fact at a bench trial), based the guilty verdict on evidence that did not exist in the record thus denying the prisoner due process of law. 781 F.3d at 362. Not only was the judge's verdict based on evidence that was not in the record (the Seventh Circuit characterized the Judge's verdict as "nonsense"), but the Seventh Circuit also concluded that there was no other evidence in the record that would support the guilty verdict. *Id*. at 363, 365.

The present case is significantly different. *Owens* presented a challenge to the sufficiency of the evidence supporting the conviction. However, Petitioner is challenging the state court's rejection of his self defense claim which is non cognizable. Additionally, even if the self defense

9

issue was cognizable, there is overwhelming evidence supporting the trial court's decision to reject the self defense claim. As previously mentioned, the trial court concluded that Petitioner shot the victim over a drug territory dispute. Unlike *Owens*, there is sufficient evidence to support Petitioner's conviction.

Petitioner's final claim regarding self defense (Claim Three) is that the state trial judge misapplied Illinois law regarding self defense. He argues that the trial court wrongfully concluded that he was the aggressor in the situation (denying him the ability to raise a self defense) merely because he had a gun during the confrontation.

The Court cannot provide Petitioner relief for an alleged misapplication of Illinois law. *Estelle*, 502 U.S. at 67-68; *Thompson v. Battaglia*, 458 F.3d 614, 618 (7th Cir. 2006) (recognizing that an argument that Illinois courts misapplied Illinois self defense statute raises non cognizable state law issue). Furthermore, any question on Illinois law was already resolved by the state courts in Petitioner's case. The state appellate court (the last court to rule on the merits of Petitioner's claim), concluded that the trial court did not misapply Illinois's self defense statute. *Ellis*, 2011 Ill App (1st) 106677-U, 2011 WL 10068910 at *12-*15. The Illinois court rulings on issues of Illinois law are binding on this Court, and this Court has no authority to reject them. *Shaw v. Wilson*, 721 F.3d 908, 914 (7th Cir. 2013) (citations omitted).

Finally, for completeness purposes, even if the Court could reach the merits of Petitioner's state law issue, as discussed above, Petitioner is simply attempting to reargue the merits of his case. The trial court heard the evidence in the case. It concluded that Petitioner was not acting in self defense, but instead was using violence over the drug territory dispute. There is sufficient evidence in the record to support this conclusion. Claim Three is rejected.

## 2. Claims Four and Five: Evidentiary Errors

In Claims Four and Five, Petitioner argues that the trial court erred in refusing to allow the introduction of evidence. Claim Four argues that Petitioner wanted to introduce evidence regarding the violent character of Shelton Bunch and his group confronting Petitioner. In Claim Five, Petitioner argues that the trial court erred in refusing to allow the introduction of evidence regarding Lorenzo Williams's efforts to defuse the situation. Respondent responds that the claims are procedurally defaulted, and also fail on the merits.

"To obtain federal habeas review, a state prisoner must first submit his claim through one full round of state-court review." *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). The prisoner must present the operative facts and controlling law of the claim before the state courts so that the state court has a meaningful opportunity to consider the claim before it is raised in federal court. *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citations omitted). Additionally, the prisoner must present the claim through all levels of the Illinois courts including in a petition for leave to appeal (PLA) before the Supreme Court of Illinois.

To properly exhaust the federal claim, Petitioner must alert the state court of the federal nature of his claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A general appeal to due process is insufficient to put the federal claim before the state court. *Gray v. Netherland*, 518 U.S. 152, 163 (1996). The substance of the federal claim must be presented to the state courts so that the state court has the opportunity to correct the federal violation in the first instance. *Gray*, 518 U.S. at 163; *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed

by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan*, 513 U.S. at 366.

Petitioner failed to alert the state courts to the federal nature of his claim. His brief in the state appellate court argued the evidentiary issue only within the context of the state law self defense issue. [17-1 at 75-86]. There is no indication of a federal due process claim in the state appellate court brief. There is also no mention of the federal claim in his PLA. [17-3]. Claims Four and Five are procedurally defaulted.

Petitioner cannot excuse his defaults under either cause and prejudice or fundamental miscarriage of justice. Regarding cause and prejudice, cause is an "'objective factor, external to [Petitioner] that impeded [her] efforts to raise the claim in an earlier proceeding.'" *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (quoting *Smith v. McKee*, 596 F.3d 374, 382 (7th Cir. 2010)). Examples of cause include: (1) interference by officials making compliance impractical; (2) the factual or legal basis was not reasonably available to counsel; or, (3) ineffective assistance of counsel. *Guest*, 474 F.3d at 930 (citing *McCleskey v. Zant*, 499 U.S. 467 (1991)). Petitioner does not argue that his claims are excused by cause and prejudice, and there is nothing in the record to suggest that cause and prejudice is applicable to this case.

This leaves Petitioner with the fundamental miscarriage of justice (actual innocence) gateway to excuse his default. To show actual innocence to defeat a default, Petitioner must demonstrate that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995). This is a "demanding" and "seldom met" standard. *McQuiggins*, 133 S. Ct. at 1928 (citing *House v. Bell*, 547 U.S. 518, 538 (2006)).

12

Petitioner must present new reliable evidence that was not presented at trial --- such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence --- to make a credible claim of actual innocence. *House*, 547 U.S. at 537 (citing *Schlup*, 513 U.S. at 324); *see McDonald v. Lemke*, 737 F.3d 476, 483-84 (7th Cir. 2013) (quoting *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) ("[A]dequate evidence is 'documentary, biological (DNA), or other powerful evidence: perhaps some non-relative who place him out of the city, with credit card slips, photographs, and phone logs to back up the claim.'")). Petitioner presents no new evidence to suggest he is actually innocent. He simply reargues the merits of his case in his present petition. Claims Four and Five are procedurally defaulted.

For completeness purposes, the Court also notes that Claims Four and Five would also fail on the merits. As a general principle, questions regarding the admissibility of evidence in the state courts are non cognizable on federal habeas corpus because they raises questions of state law. *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003) (citing *Lewis v. Jeffries*, 497 U.S. 764, 780 (1990)). Additionally, the state court ruling is beyond federal habeas review because the federal court must follow the state court's ruling applying state law. *Bradshwaw v. Richey*, 546 U.S. 74, 76 (2005). However, a state law evidentiary ruling is cognizable on habeas corpus review when it results in fundamental unfairness so as to violate federal due process rights. *Lechner*, 341 F.3d at 642 (citing *Estelle*, 502 U.S. at 67-68). Put another way, a state court violation of state law results in a federal due process violation when the "state court committed an error so serious as to render it likely that an innocent person was convicted." *Perruquet v. Briley*, 390 F.3d 505, 510 (7th Cir. 2004)).

The evidence Petitioner sought to introduce had minimal evidentiary value. The trial court was well aware of the central issues in the case. There was ample evidence of Petitioner's view that Shelton Bunch and his group threatened him. The trial court rejected this view and concluded Petitioner's shot Lenard Bunch in a dispute over drug territory. There is nothing to suggest that the failure to allow the introduction of evidence was so severe as to convict an innocent person. Claims Four and Five are procedurally defaulted and, in the alternative, also fail on the merits.

### C. Certificate of Appealability

Petitioner's habeas corpus petition is denied on the merits. The Court denies a certificate of appealability. Petitioner cannot make a substantial showing of the denial of a constitutional right, or that reasonable jurists would debate, much less disagree, with this Court's resolution of Petitioner's claims. *Resendez v. Knight*, 653 F.3d 445, 446-47 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Petitioner is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Petitioner wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a

reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

### D. Conclusion

Petitioner's habeas corpus petition [1] is denied on the merits. The Court declines to issue a certificate of appealability. The Clerk is instructed to enter a Rule 58 Judgment in favor of Respondent and against Petitioner. Any pending motions are denied as moot. The Clerk shall adjust the docket to reflect that Respondent is Kim Butler, Warden, Menard Correctional Center. Civil Case Terminated.

ENTERED:

Dated: 12/16/2015

VIRGINIA M. KENDALL
United States District Judge